IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Jeffrey K. Bartels  Del. ID # 2249**
**Kenneth William Richmond** *pro hac vice*    **Attorneys for Plaintiffs**
**401 South Maryland Avenue**
**Wilmington, DE 19804**
**302-995-6211**

Estate of Ronald W. Trotman
by:  Charlotte A. Waite, Administratix
pursuant to 10 Del. C. 3701
512 N. Church Street
Milford, DE  19963
        Plaintiff

&

Charlotte A. Waite, Mother of Decedent and
Rolanda Trotman, Sister of Decedent as Next
of Kin pursuant to 10 Del. C. 3724
512 N. Church Street
Milford, DE  19963
        Plaintiffs

v

First Correctional Medical, Inc.
6861 North Oracle
P. O. Box 69370
Tucson, Arizona 85737-0015        Civil Action No.
        Defendant
    and
Dr. Jose A. Aramburo, Jr., MD        JURY TRIAL DEMANDED
13427 Worthington Road
Philadelphia, PA  19116
        Defendant
    and
Dr. Sitta Gombeh-Ali, MD
802 Ridge Court
Middletown, DE  19709
        Defendant
    and

Commissioner Stanley Taylor
Delaware Department of Corrections
Administration Building
245 McKee Road
Dover, Delaware 19904
          Defendant
    and

Joyce Talley, Bureau Chief of
Management Services
Delaware Department of Corrections
Administration Building
245 McKee Road
Dover, Delaware 19904
          Defendant

## COMPLAINT
## FEDERAL CLAIM

### I. JURISDICTION

1. 28 U.S.C.S. 1331 Federal Question: This is a civil action brought pursuant to 42 U.S.C.S. 1983 alleging that each of the defendants named above, while acting under color of state law, in the manner described below, violated the decedent's right under U.S. Const. amend. VIII, to be free of the infliction of cruel and unusual punishment or death by the intentional denial of medical treatment.

### II. PARTIES

2. Plaintiff Charlotte A. Waite is the mother of the decedent and has been appointed Administrator of the Estate of Ronald A. Trotman in Kent County, Delaware on October 5, 2005, by Thomas E. Weyant, Register of Wills, and seeks

recovery under Del. Code Ann. tit. 10, sec. 3704 (b), and Del. Code Ann. tit. 10, sec. 3701.

    3. Plaintiff, Charlotte A. Waite is the mother of the decedent and Plaintiff Rolanda Trotman is the sister of the decedent and they seek recovery as Next of Kin under 10 Del. C. 3724.

    4. Defendant, First Correctional Medical, Inc of 6861 N. Oracle, Tucson, Arizona, 85737 is a Corporation whose approval was required for needed hospital medical care being provided to decedent Ronald A. Trotman through its alter ego, First Correctional Medical of Delaware, LLC

    5. Defendant Jose Aramburo, Jr. MD was a physician licensed in Delaware who contracted to or was under the employ of First Correctional Medical of Delaware, LLC and who provided medical care to the decedent, Ronald A. Trotman for several weeks prior to his death on March 4, 2005.

    6. Defendant Sitta Gombeh-Ali, MD was a physician licensed in Delaware who provided medical care and who oversaw the infirmary at Delaware Correctional Center where medical care was provided to the decedent for several weeks prior to his death on March 4, 2005.

    7. Defendant Stanley Taylor is the Commissioner of Corrections for the State of Delaware who, on or about June 17, 2002, entered into an Agreement with First Correctional Medical-Delaware, LLC, the alter-ego for Defendant First Correctional Medical for the provision of comprehensive medical care for inmates incarcerated by the Delaware Department of Corrections.

8. Defendant Joyce Talley is the Bureau Chief for the Bureau of Management Services, Delaware Department of Corrections, who was specifically charged with oversight of inmate health care services and the medical vendor contract compliance, including detailed reviews of inmate medical grievances, during the period leading up to the death of Ronald A. Trotman in the present case.

### III  THE FACTS

9. First Correctional Medical, Inc., is an Arizona Corporation which is a vendor of medical services that had responded to a Delaware Department of Correction Request for Proposal that had been published and circulated among Medical Care Vendors some time between January 1, 2002 and May 1, 2002.  The Defendant First Correctional Medical presented its proposal and its accreditation from the National Commission on Correctional Health Care when submitting its bid to the Delaware Department of Corrections to provide Medicare Care to Inmates.

10. On or about July 1, 2002, an alter ego or subsidiary corporation known as First Correctional Medical of Delaware, LLC commenced business as the actual vendor for the medical care being provided to the Delaware Department of Corrections, while the Defendant First Correctional Medical in Arizona retained control over hospital and specialty care referrals for the decedent, Ronald A. Trotman through the several weeks that preceded his death on March 4, 2005.

11.  It is believed and therefore averred that at no time prior to March 4, 2005, did the Delaware, LLC receive independent accreditation from the National Commission on Correctional Healthcare, and at all times relevant the Defendants Taylor and Talley, who were ultimately responsible for the contract performance of the medical vendor, relied upon the NCCHC accreditation of the parent company, First Correctional Medical, Inc., in Arizona.

12.  On February 11, 2005, Decedent, Ronald A. Trotman was 37 years of age and had been incarcerated on a ten-year sentence for robbery since September, 1995 at Delaware Correctional Center (hereafter DCC) with SBI Number 179679.

13.  On February 11, 2005, decedent had been admitted emergently to the Bayhealth Medical Center at Kent General Hospital in Dover after spending the previous several weeks in the infirmary at the Delaware Correctional Center in Smyrna.

14.  At the time of admission, decedent was ill appearing, suffered acute respiratory distress, tension pneumothorax, chronic extensive muscle wasting disease, respiratory insufficiency for several months, pumonary infiltrate, significant recent 20 lb. weight loss, pulmonary or extrapulmonary sarcoidosis, chronic large left pulmonary bullae, with oxygen at 89 or 90% of normal.

15.  The decedent was immediately diagnosed with Pneumocystis Carina Pneumonia and HIV and hepatitis C and required surgical intubation and ventilation.

16. On February 16, 2005, the decedent underwent a left thoractomy, resection of his right sixth rib, a wedge resection of his right upper lobe and right lower lobe bulla, repair of a bronchopleural fistula, a right pleurectomy and intercosal nerve block, followed by a right venous catheter insertion all of which was complicated by the decedent's obvious malnourishment and cachetic condition.

17. On February 17, 2005, the decedent had to undergo a right thoractomy following a lung collapse.

18. Between February 17, 2005, and March 4, 2005, the decedent was conscious, intubated, catheterized and on a mechanical ventilator, after having suffered from months of respiratory distress.

19. Despite surgical efforts and intensive care, Ronald A. Trotman expired at 11:59 PM on March 4, 2005 of respiratory failure as a result of Pneymocystis Carinii Pneumonia and acquired immune deficiency syndrome.

20. It is believed and therefore averred, that for a period of seven months prior to being admitted to the DCC infirmary, the decedent had grown so weak that he was placed in a wheel chair.

21. After being admitted to the DCC infirmary, the decedent was prescribed only pseudoephedrine on December 20, 2004 and Amoxil on January 31, 2005. There are no other DCC medical chart entries referencing the decedent's medical or general condition from December 20, 2004 until February 11, 2005.

COUNT I
Plaintiffs v. Defendants Taylor and Talley
42 U. S. C. 1983
U. S. CONSTITUTION amend. VIII

22.  Each of the foregoing paragraphs are incorporated herein as though fully set forth and in addition, Plaintiffs allege that at all times relevant hereto, Defendants Taylor and Talley were under budgetary constraints which they knew or should have known were inadequate to meet the medical needs of the inmate population they were charged with overseeing.

23.  It was known to Defendants Taylor and Talley that the profit of the medical vendor, First Correctional Medical and its alter ego or subsidiary, First Correctional of Delaware, LLC was inescapably dependent on the outside hospital and specialty care that the medical vendor withheld from inmates under their charge.

24.  Notwithstanding the foregoing, Defendants Taylor and Talley, as the ultimate persons responsible for contract compliance for the medical vendor at the times relevant to this complaint, intentionally neglected to investigate the actual care delivered to inmates in general in spite of knowledge that the vendor had difficulty in securing payment for care from the Medicaid Administrators in Delaware which caused severe $ 800,000.00 arrearages in the payments to outside medical providers.

25. In addition to the foregoing, the Defendants Taylor and Talley intentionally, or with deliberate indifference (to a substantial risk of harm to the inmates needing outside medical care) withheld needed cooperation from First Correctional Medical to obtain inmate eligibility for Medicaid, all while knowing that the medical vendor was unwilling or unable to pay for outside medical services if there was any chance for Medicaid to cover the costs.

26. At no time during the period between July 1, 2002 and February 11, 2005 did Defendants Taylor and Talley implement, order or undertake any investigation to determine the level or care being provided to inmates in general by monitoring medical grievances, by review of HIV outreach programs, HIV or Hepatitis Treatment, or by requiring any explanation for the inordinate number of inmate deaths as reported by the Federal Bureau of Prisons, except for ordering an audit by the National Commission on Correctional Health Care after it appeared that outside vendor bills were going unpaid.

27. At no time during the tenure of First Correctional Medical did Defendants Taylor or Talley seek or even discuss medical budget increases from the Budget Director in the Office of the Governor, or from the legislature all while knowing that the vendor prior to First Correctional Medical could not deliver needed inmate medical care at budgeted amounts that were greater than those bid by First Correctional Medical.

28. As a result of the conscious, deliberate indifference to the serious medical needs of inmates as described, the Defendants, First Correctional Medical, Gombeh-Ali and Aramburo were enabled in the denial of urgently needed medical care in the present case which resulted in the Constitutionally forbidden pain and death of the decedent.

WHEREFORE, the Plaintiffs respectfully demand judgment against the Defendants Taylor and Talley for loss earnings the decedent would have realized and for the pain, suffering, humiliation he experienced from the needed but withheld medical treatment, and for the anguish to next of kin, together with punitive damages, costs and attorney fees as permitted.

COUNT II
Plaintiffs v. First Correctional Medical, Gombeh-ali and Aramburo
42 U.S.C. 1983 CONSTITUTION  amend. VIII

29. Each of the foregoing allegations are incorporated herein as though fully set forth, and in addition it is alleged that Defendants First Correctional Medical, Sitta Gombeh-Ali and Jose Aramburo acted or failed to act knowing that harm would actually befall the decedent, Ronald A. Trotman as a direct result of withholding needed medical care despite knowledge of a substantial risk of serious harm.

30. Each of the Defendants in this Count were directly responsible for the medical care and supervision of the DCC infirmary and actually knew or clearly

should have known that the decedent suffered from a severe medical malady and required treatment and referral in time to prevent complications and death.

WHEREFORE, the Plaintiffs respectfully demand judgment against the Defendants First Correctional Medical, Gombeh-Ali and Aramburo, Jr. for loss earnings the decedent would have realized and for the pain, suffering, humiliation he experienced from the needed but withheld medical treatment, and for the anguish to next of kin, together with punitive damages, costs and attorney fees as permitted.

COUNT III
Plaintiff's v. Defendants First Correctional Medical, Gombeh-Ali & Aramburo
PENDENTE STATE CLAIMS

31. Each of the foregoing allegations are incorporated herein as though fully set forth, and in addition thereto, Plaintiffs allege that First Correctional Medical had the right to control or overrule the authority of Defendant's Gombeh-Ali and Aramburo, Jr. to make referrals of inmate patients for diagnostic testing or studies or hospitalization, neither physician attempted to timely secure the required diagnostic procedures and clearly needed medical care for the decedent under circumstances where they had a clear duty to do so.

32. The independent failure of Defendants Gombeh-Ali and Aramburo, Jr. to diagnose and treat the decedent's HIV or Pneumocystis Cariniii Pneumonia lead to his death and constitutes gross negligence and deliberate indifference to a serious medical need or, in the alternative, and falls well below the due standard of care.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants First Correctional Medical, Gombeh-Ali and Aramburo, Jr., jointly and severally for damages, and for punitive damages as a fact finder may determine, plus costs and attorney fees.

Respectfully submitted

/s/_____
Jeffrey K. Bartels
Kenneth William Richmond, *pro hac vice*
401 South Maryland Ave.
Wilmington, DE 19804
302-995-6211

CERTIFICATION

Kenneth William Richmond, Counsel for the Plaintiff in the foregoing action certifies that he has investigated the facts underlying the allegations contained in the attached Complaint and that each of the allegations set forth are true and correct according to his best information and belief.

Dated January 27, 2007              /s/_____
                                    Kenneth William Richmond
                                    2019 Walnut Street
                                    Philadelphia, PA  19103
                                    215-523-9200

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Estate of Ronald A. Trotman + Charlotte Waitte + Rolanda Trotman

**DEFENDANTS** First Correctional Medical Inc. et al.

(b) County of Residence of First Listed Plaintiff **Kent Co. DE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Pima County, AZ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Jeffrey K. Bartels
401 South Maryland Ave
Wilmington, DE 19804  302-995-6211

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☒ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. 1983

Brief description of cause: U.S. Constitution, Amend VIII

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/31/07

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **07-62**

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __5__ COPIES OF AO FORM 85.

__1/31/07__
(Date forms issued)

__[signature]__
(Signature of Party or their Representative)

__Kenneth W. Richmond__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action