UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF RONALD W. TROTMAN, | : |
| by Charlotte A. Waite, Administratix, and | : |
| CHARLOTTE A. WAITE, mother of decedent | : |
| and ROLANDA TROTMAN, sister of decedent | : |
| and next of kin 10 Del.C. 3724 | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : C.A.No. 07-62 |
| | : |
| FIRST CORRECTIONAL MEDICAL, Inc | : |
| Dr. JOSE A. ARAMBURO, JR. M.D., | : |
| DR. SITTA GOMBEH-ALI,M.D. | : |
| COMMISSIONER STANLEY TAYLOR, | : |
| JOYCE TALLEY, BUREAU CHIEF, | : |
| | : |
| Defendants. | : |

## ANSWER BY TALLEY AND TAYLOR

The defendants Joyce Talley and Stanley Taylor, by and through their attorney, answer the complaint as follows:

1. This is a legal contention for which no response is required.

2 - 6. Answering defendants are without sufficient information to form a belief to the truth of the paragraph.

7. Admitted that Stanley Taylor was the Commissioner of the Department of Correction and signed the health service contract on the Department's behalf with First Correctional Medical- Delaware, LLC on or about June 17, 2002. It is denied that Stanley Taylor entered into a contract with FCM. As to the balance of the paragraph the contract documents speak for themselves.

8. Admitted that Joyce Talley is the Bureau Chief for the Bureau of management services. The Bureau administers the health service contract and other contracts on behalf of the Department of Correction. The balance of the paragraph is denied.

9. Admitted that a number of medical venders, including First Correctional Medical submitted and then presented a proposal responsive to Request for Proposal #2828. As to the balance of the paragraph, answering defendant is without sufficient information to form a belief to the truth of the paragraph.

10. Admitted that the health services contract with FCM-Delaware, LLC commenced on July 1, 2002. As to the balance of the paragraph, answering defendant is without sufficient information to form a belief to the truth of the paragraph.

11. Answering defendants are without sufficient information to form a belief to the truth of the paragraph. The allegation regarding ultimate responsibility of contract performance is a legal contention for which no response is required.

12 - 21. Answering defendants are without sufficient information to form a belief to the truth of the paragraph.

22. This is an incorporation paragraph to which no response is required. Admitted that as a department of the State of Delaware, all funds must be

appropriated by the General Assembly in accordance with the Delaware Constitution. The balance of the paragraph is denied.

23. Denied.

24. The allegation regarding ultimate responsibility for contract performance is a legal contention for which no response is required. The balance of the paragraph is incomprehensible.

25. Denied.

26. This paragraph contains assertions of fact that are directly inconsistent with allegations of wrongdoing in the first part. Allegations of wrongdoing are denied.

27. Denied.

28 -32. These paragraphs are not directed to answering defendant.

### First defense

33. The complaint, in whole or in part, fails to state claim for which relief could be granted.

### Second Defense

34. The Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution.

### Third Defense

35. The Court lacks jurisdiction under Article III, § 2, clause 2 of the U.S. Constitution.

### Fourth Defense

36. The complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

### Fifth Defense

37. The complaint should be dismissed as service of process was improper or insufficient.

### Sixth Defense

38. The Court lacks personal jurisdiction over answering defendants and the complaint should be dismissed.

### Seventh Defense

39. The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

### Eighth Defense

40. The answering defendants are entitled to official and/or legislative immunity and the matter should be dismissed.

### Ninth Defense

41. Any state law claims are barred by sovereign immunity and subject to further limitations pursuant to 10 *Del.C.* § 4001 et seq.

WHEREFORE, defendants Joyce Talley and Stanley Taylor request the Court grant judgment for all that is just and proper, to include dismissal of this suit with plaintiff to pay all costs.

- 5 -

      STATE OF DELAWARE
      DEPARTMENT OF JUSTICE

      <u>/s/ Marc P. Niedzielski</u>
      Marc P. Niedzielski
      Bar I.D. 2616
      Deputy Attorney General
      820 N. French Street, 6th Floor
      Wilmington, DE 19801
      (302) 577-8324
      marc.niedzielski@state.de.us
      Attorney for Talley and Taylor

DATED:

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF RONALD W. TROTMAN, | : |
|     Plaintiffs, | : |
| | : |
| v. | :    C.A.No. 07-62 |
| | : |
| FIRST CORRECTIONAL MEDICAL, Inc | : |
| | : |
|     Defendants. | : |

### CERTIFICATE OF SERVICE

I, the undersigned, certify that on the date indicated I electronically served a copy of the attached document on the following:

    Jeffrey K. Bartels, Esquire
    401 South Maryland Ave.
    Wilmington, DE  19804
    outlaw1@rcn.com


    /s/ Marc P. Niedzielski
    Marc P. Niedzielski
    Bar I.D. 2616
    Deputy Attorney General
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8324
    marc.niedzielski@state.de.us
    Attorney for Talley and Taylor

DATED: